UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

WILLIAM F. HEALY, an Illinois resident and RED CARPET TRAVEL, INC., an Illinois corporation,

Plaintiffs

vs.

CARLSON TRAVEL NETWORK ASSOCIATES, INC., a Minnesota corporation,

Defendant.

COURT FILE NO. 01CV1103 ADM/SRN

**PROTECTIVE ORDER**

---

This Protective Order having been submitted to the Court on stipulation by Jennifer M. Tescon, Esq., DADY & GARNER, P.A., 4000 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, attorney for Defendant William Healy and Red Carpet, Inc. ("Healy"); and Kirk W. Reilly, Esq. of Gray, Plant, Mooty, Mooty & Bennett, P.A., attorneys for Plaintiff Carlson Travel Network Associates, Inc. ("CTNA") and, it is hereby stipulated and ordered as follows:

1. For the purposes of this Protective Order, "Confidential Information" means any information which is designated as "Confidential" by the parties, whether it be a document, information contained in a document, information contained in a response to an Interrogatory, information revealed during a deposition or information otherwise disclosed during discovery. The parties shall designate information as "confidential" only upon the good faith belief that the information is

FILED OCT 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

at least arguably subject to protection. *Cf. Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1127 n.17 (3rd Cir. 1986).

2. "Confidential Information" shall, without the necessity of further designation, remain confidential and shall not be disclosed in any fashion, nor be used for any purpose other than the preparation for and trial of this action as provided herein.

3. "Qualified Person" shall mean and refer to (i) the parties to this action including employees; (ii) counsel of the parties to this litigation, including office associates, paralegals, and clerical employees; and (iii) witnesses, experts, consultants and other persons consulted or retained in connection with this litigation and who have agreed to be bound by the terms of this Protective Order. "Qualified Person" shall also include the Court, representatives and employees of the Court, and the jury on such terms as the Court in its discretion may deem appropriate.

4. Prior to being permitted access to "Confidential Information" subject to this Protective Order, a "Qualified Person" shall sign a Certification in the form attached hereto as Exhibit "A" stating that he/she has read and understands the terms of this Protective Order and that he/she will abide by them. The original of each such Certification shall be retained by Counsel of record for the party permitting the disclosure until the litigation is completed.

5. "Confidential Information" shall be retained by counsel and shall not be disclosed or made available to any person except a "Qualified Person." Said "Confidential Information" shall not be used by any "Qualified Person," except solely

for the proposes of litigation in this action and shall not be used for any other purposes whatsoever. The substance or content of "Confidential Information," as well as copies, summaries, notes and memoranda relating thereto, shall not be disclosed to anyone other than a "Qualified Person." If "Confidential Information" or summaries thereof have been entered into a computerized database, only "Qualified Persons" shall have access to the database.

6. Each "Qualified Person" agrees to submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Protective Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order.

7. (Challenges to Designation) Pursuant to *Cipollone v.Liggett Group*, 785 F.2d 1108, 1122 (3d Cir. 1986), this Protective Order initially protects from disclosure all documents that the producing party designates in good faith as "Confidential." Upon delivery of any document or other information so designated, another party may, within ninety (90) days of delivery of the document or other information, send a letter to the producing party challenging any such designations by indicating by bates number range(s) or other sufficient identifying information precisely which document(s) the challenging party asserts are not in fact "confidential." The parties shall confer in a good faith attempt to informally resolve

this dispute. If such attempt is unsuccessful, the designating party shall by informal letter to the Court move for a protective order regarding any designation(s) in question (the "Motion Letter"), enclosing, where appropriate, the document challenged for *in camera* review. The opposing party may trigger a time period in which a Motion Letter must be sent by sending a certified letter to the designating party stating that, in the opposing party's opinion, an impasse regarding designations has been reached (an "Impasse Letter"). Within thirty (30) days after receipt by the designating party of an Impasse Letter, the designating party must transmit the Motion Letter to the Court. The documents challenged hereunder retain their status as "Confidential Information" hereunder unless and until the Court orders that they be released from such status.

8. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any "Confidential Information," whether as part of a document or deposition testimony or otherwise, counsel for any other party may request the Court to preserve the confidentiality of the "Confidential Information" to the extent and by means the Court deems necessary and appropriate, and any party may oppose such a request.

9. Upon the final conclusion (including any appeals) of this action, all parties and "Qualified Persons" and their counsel shall, within ninety (90) days of the conclusion of this action either (i) return all "Confidential Information" (and all copies thereof) to the producing party (shipping costs to be born by the producing party), or (ii) provide a certification that all "Confidential Information" (and all copies

thereof) produced by the producing party have been fully destroyed along with the date of destruction.

A copy of this Protective Order shall be served on all counsel within ____ days of its entry.

So ordered on this 24th day of October, 2001.

Susan Richard Nelson

Hon. Susan Richard Nelson
Magistrate Judge
United States District Court

SUBMITTED BY CONSENT OF COUNSEL:

DADY & GARNER, P.A.

By [signature]
Jennifer M. Tescon
4000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone:

ATTORNEY FOR PLAINTIFF RED CARPET TRAVEL, INC. AND WILLIAM HEALY

GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.

By [signature]
Kirk W. Reilly
3400 City Center
33 South Sixth Street
Minneapolis, MN 55402
Telephone: 612-232-2800

ATTORNEYS FOR DEFENDANT HOWARD JOHNSON INTERNATIONAL, INC.

**EXHIBIT A**

**CERTIFICATION**

I, ____________________, understand that information and/or documents which are disclosed to me by counsel of record for ____________________ which are designated as "Confidential" are **CONFIDENTIAL** and to be used by me solely to assist in the matter of *William F. Healy and Red Carpet Travel v. Carlson Travel Network Associates, Inc.,* Civil Action No. 01CV1103 ADM/SRN, pending in the United States District Court for the District of Minnesota. I further understand that a Protective Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such information or documents to any person other than counsel of record or persons assisting them. In accepting disclosure, I agree to be bound by the Protective Order and to be subject to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of its enforcement and the enforcement of my obligations under this Certification.

______________________________
Signed by Recipient

Dated: ________________

GP:833663 v1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.